CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
for Roanoke
APR 30 2012
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| KEITH R. ROBINSON,<br>　　Plaintiff, | ) ) ) | Civil Action No. 7:11-cv-00303 |
| v. | ) ) ) | **MEMORANDUM OPINION** |
| INVESTIGATOR WILLIAMS,<br>　　Defendant. | ) ) | By:　Hon. Jackson L. Kiser<br>　　　Senior United States District Judge |

　　Keith R. Robinson, a Virginia inmate proceeding pro se, filed a civil rights complaint, pursuant to 42 U.S.C. § 1983 with jurisdiction vested in 28 U.S.C. § 1343. Plaintiff names Investigator Williams, a Virginia Department of Corrections ("VDOC") correctional officer, as the sole defendant. Plaintiff alleges that defendant used excessive force, in violation of the Eighth Amendment of the United States Constitution. Defendant filed a motion for summary judgment, and plaintiff responded, making the matter ripe for disposition. After reviewing the record, I grant defendant's motion for summary judgment because plaintiff failed to exhaust available administrative remedies.

I.

　　The record reveals the following facts. On April 8, 2011, plaintiff filed an informal complaint to officials at the Wallens Ridge State Prison ("WARSP") because defendant's police dog bit plaintiff on March 18, 2011, causing plaintiff to stay in the WARSP medical department for three days. Plaintiff alleged that defendant intentionally let the police dog unnecessarily bite plaintiff. Staff denied the informal complaint.

　　Plaintiff filed a regular grievance on April 21, 2011, in which plaintiff denied being involved in a fight and said he "had not done anything wrong" when the dog bit him in the upper-right leg. The warden of the WARSP denied the regular grievance on May 24, 2011, finding that plaintiff was fighting with another inmate, defendant repeatedly ordered plaintiff to

stop fighting, plaintiff did not respond to the orders, and defendant properly used the K-9 to stop the fight. The warden advised plaintiff that he could appeal the grievance denial, but plaintiff chose not to appeal the decision.

II.

A party is entitled to summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Material facts are those necessary to establish the elements of a party's cause of action. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A genuine issue of material fact exists if, in viewing the record and all reasonable inferences drawn therefrom in a light most favorable to the non-moving party, a reasonable fact-finder could return a verdict for the non-movant. Id. The moving party has the burden of showing – "that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). If the movant satisfies this burden, then the non-movant must set forth specific, admissible facts that demonstrate the existence of a genuine issue of fact for trial. Fed. R. Civ. P. 56(c); Celotex, 477 U.S. at 322-23. A party is entitled to summary judgment if the record as a whole could not lead a rational trier of fact to find in favor of the non-movant. Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991). Conversely, summary judgment is inappropriate if the evidence is sufficient for a reasonable fact-finder to return a verdict in favor of the non-moving party. Anderson, 477 U.S. at 248.

Defendant argues that plaintiff failed to exhaust available administrative remedies for plaintiff's claim about the dog bite. The Prison Litigation Reform Act provides that "[n]o action shall be brought with respect to prison conditions under [§ 1983] . . ., by a prisoner confined in

any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement is mandatory and "applies to all inmate suits about prison life[.]" Porter v. Nussle, 534 U.S. 516, 524, 532 (2002). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules." Woodford v. Ngo, 548 U.S. 81, 90 (2006). When a prison provides an administrative grievance procedure, the inmate must file a grievance raising a particular claim and pursue it through all available levels of appeal to "properly exhaust." Id.; Dixon v. Page, 291 F.3d 485, 490-91 (7th Cir. 2002). An inmate's failure to exhaust is an affirmative defense that a defendant has the burden to prove. Jones v. Bock, 549 U.S. 199, 216 (2007).

VDOC Department Operating Procedure ("DOP") 866.1, Inmate Grievance Procedure, is a mechanism for inmates to resolve complaints, appeal administrative decisions, and challenge policies and procedures.[1] The process provides correctional administrators means to identify potential problems and, if necessary, correct those problems in a timely manner. All issues are grievable except issues about policies, procedures, and decisions of the Virginia Parole Board; disciplinary hearing penalties and/or procedural errors; state and federal court decisions, laws, and regulations; and other matters beyond the VDOC's control.

Inmates are oriented to the inmate grievance procedure when they enter the VDOC and when they are transferred to different facilities. Prior to submitting a grievance, the inmate must

---

[1] Defendant relies upon the affidavit of the WARSP Grievance Coordinator, who describes DOP 866.1 and has access to plaintiff's grievance records. However, defendant did not docket a copy of the policy. DOP 866.1 provides that inmates, such as plaintiff, are informed of the available grievance procedures when they enter the VDOC and when transferred to a different VDOC facility. Plaintiff does not deny that he is familiar with VDOC grievance procedures, and plaintiff's grievances support the conclusion that plaintiff knows of DOP 866.1's requirements. Accordingly, I take judicial notice of DOP 866.1, which is available at http://www.vadoc.state.va.us/about/procedures/documents/800/866-1.pdf and was the policy in force during plaintiff's grievances. See Fed. R. Evid. 201(b)(2) (permitting judicial notice of facts which "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned"); Perry v. Johnson, No. 3:10-cv-630, 2011 U.S. Dist. LEXIS 85431, 2011 WL 3359519 (E.D. Va. Aug. 3, 2011) (citing Bowler v. Ray, No. 7:07-cv-00565, 2007 U.S. Dist. LEXIS 88133, 2007 WL 4268915 (W.D. Va. Nov. 30, 2007). Defendant is reminded to docket a copy of a VDOC policy when the policy is used to support a motion for summary judgment.

make a good faith effort to informally resolve the complaint by submitting an informal complaint form, which is available in housing units. If not resolved, the inmate must file a regular grievance within thirty calendar days from the date of the occurrence or incident. Only one issue per grievance may be addressed. Regular grievances may receive three levels of review. A facility's Warden or Superintendent conducts the first, "Level I" review of the grievance. An inmate may appeal the warden's decision to the Regional Ombudsman/Director for a Level II determination, which is generally the final level of review. The Deputy Director or Director of the VDOC conducts the review for the few issues appealable to Level III.

Plaintiff filed an informal complaint and a regular grievance. The area above the warden's signature on the response to the regular grievance informed plaintiff of the right to appeal the warden's decision. Plaintiff did not appeal the warden's Level I review to a regional director for Level II review. Plaintiff does not present any evidence that he exhausted available administrative remedies and does not explain a reason for failing to exhaust. Accordingly, defendant is entitled to summary judgment for plaintiff's failure to exhaust available administrative remedies.

III.

For the foregoing reasons, I grant defendant's motion for summary judgment.

The Clerk is directed to send copies of this Memorandum Opinion and the accompanying Order to plaintiff and counsel of record for defendant.

**ENTER:** This 30th day of April, 2012.

Senior United States District Judge